UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WELLS FARGO FINANCIAL LEASING INC | CASE NO. 19-cv-1103 |
| -vs- | JUDGE DRELL |
| 3-V PARTNERSHIP ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

Before the court is Wells Fargo Financial Leasing, Inc.'s ("Wells Fargo") unopposed motion for partial summary judgment. Wells Fargo argues 3-V Partnership is in default under and in breach of the terms of the "Installment Sale Contract and Security Agreement" ("Installment Sale Contract") it entered into on March 30, 2016. For the reasons set forth herein, the motion will be GRANTED.

1. Background

On March 30, 2016, 3-V entered into an Installment Sale Contract (Doc. 464, p. 2-3) with Progressive Tractor & Implement to finance the purchase of a 2011 Case IH Magnum 290 Row Crop Tractor, Serial No. ZBRD02855 ("row crop tractor"). 3-V agreed to a sales price of $176,164.02, and that it would pay six annual installments in the amount of $29,360.67 each, beginning March 29, 2017. (Id.). Steven D. Vinson, on behalf of 3-V Partnership, entered into a "Personal Guaranty" (Doc. 46-4, p. 9) guaranteeing the payment and performance of the Installment Sale Contract.[1]

---

[1] Although they are not parties to this motion for partial summary judgment, Wells Fargo reserves all rights and claims against Steven D. Vinson and Donna Smith Vinson.

Progressive Tractor and Implement then sold and assigned all of its rights, title, and interest in and to the Installment Sale Contract as well as the aforementioned row crop tractor to Wells Fargo (Doc. 46-4, p.5). Among the assigned rights and interest were all payment receivables with respect to the Installment Sale Contract and a first priority security interest in and to the row crop tractor. Wells Fargo perfected its security interest in the row crop tractor on April 11, 2016 by filing a "UCC-1 Filing Statement" (Doc. 464, p. 7) in the official records of Tensas Parish.

Both 3-V Partnership and Steven D. Vinson defaulted under the terms of the contract and the Personal Guaranty by failing to pay scheduled annual payments beginning in 2018.

On May 13, 2019, counsel for Wells Fargo issued a letter notifying 3-V Partnership and Steven D. Vinson of their defaults under the Installment Sale Contract and Personal Guaranty and demanded they cure the defaults. (Doc. 46-4, p. 11). As the defaults were not cured (and still remain outstanding), Wells Fargo filed the instant lawsuit on August 22, 2019. (Doc. 1).

Defendants 3-V Partnership, Steven D. Vinson, and Donna Smith Vinson answered the complaint (Doc. 11), and then on or about April 1, 2020, all three defendants filed petitions for relief under Chapter 12 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Louisiana. In light of the Suggestion of Bankruptcy filed in this court by Wells Fargo (Doc. 20), this court stayed this proceeding pending resolution of the Chapter 12 proceeding (Doc. 21).

During the bankruptcy proceedings, the automatic stay was lifted to allow Wells Fargo to exercise its contractual and legal rights and remedies against the crop row tractor. As a result, 3-V Partnership surrendered possession of the crop row tractor to Wells Fargo who then caused it to be sold at auction on December 18, 2020.

In January 2023, the Bankruptcy Court for the Western District of Louisiana administratively closed the aforementioned Chapter 12 proceeding because the petitioners failed to produce relevant documents. The Bankruptcy Court then entered an order on November 16, 2023 dismissing the case. On February 14, 2024, Wells Fargo filed a motion to lift the stay and reopen this case which we granted on February 16, 2024. (Docs. 24 and 28).

On March 12, 2024, Steven D. Vinson and Donna Smith Vinson filed petitions for relief under Chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court for the Western District of Louisiana. Wells Fargo filed a Suggestion of Bankruptcy as to The Vinsons' Chapter 7 proceeding which we noted, causing an automatic stay.

As the stay is not applicable to 3-V Partnership, Wells Fargo has filed the instant motion for partial summary judgment seeking: (1) all amounts owed by 3-V Partnership in connection with the Installment Sale Contract including principal, prejudgment interest, post-judgment interest, reasonable attorney's fees, costs and expenses incurred; (2) recognized Wells Fargo as the owner and holder of the Installment Sale Contract; (3) finding that there is no just reason for delay in declaring the judgment against 3-V Partnership to be a final partial judgment; (4) reserving all of Wells Fargo's rights and remedies against any other entity or individual in connection with the Installment Sale Contract; and (5) granting Wells Fargo such other and further relief as is just and equitable.

II. Law and Analysis

A. Summary Judgment Standard

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute of material fact is genuine if evidence is such that a reasonable jury could

return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir. 2011) (internal citations omitted). It is important to note that the standard for summary judgment is twofold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law. Id.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. Liberty Lobby, 477 U.S. at 250. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. Id. The nonmoving party must establish the existence of a genuine dispute of material fact for trial by showing the evidence, when viewed in the light most favorable to her, is sufficient to enable a reasonable jury to render a verdict in her favor. Duffy v. Leading Edge Prods., Inc., 44 F.3d 308, 312 (5th Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321 (1986)). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations in the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312 (citing Liberty Lobby, 477 U.S. at 247).

When ruling on a motion for summary judgment, it is improper for a court to make a credibility determination or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 864 F.3d 326, 328 (5th Cir. 2017)).

B. Discussion

Louisiana Civil Code Article 1994 provides that a party to contract is "liable for the damages caused by his failure to perform a conventional obligation." Failure to pay is considered failure to perform. The exhibits attached to Wells Fargo's motions clearly set forth the terms of the contract and the fact that 3-V Partnership did not meet its obligations under that contract: A party is under default of the contract if they fail to pay any amount within 15 days of the due date or fail to perform or observe any other obligation. (Doc. 46-4, p. 3).

3-V Partnership made a total of four payments, none of which were timely. Two payments were made in May 2017, one for $29,360.67 and one for $0.82. Two more payments were made in 2018: the first on May 24, 2018 for $22,000.00 and the second on August 9, 2018 for $2,000.00. Thereafter, no payments were remitted. Having established that 3-V Partnership is in default under the Installment Sale Contract, we turn our attention to the damages to which Wells Fargo is entitled.

As established by the affidavit of Kinte Rogers, Senior Loan Workout Specialist for Wells Fargo Financial Leasing, Inc., the total amount due under the Installment Sale Contract is $122,802.53. (Doc. 46-3). The late charges assessed per the terms of the contract total $587.21.[2] The crop row tractor was sold at auction for gross proceeds of $52,000; however, the auction commission of $4,160.00 and the repossession costs and expenses of $11,753.47 offset the gross proceeds. Accordingly, the total amount due and owing under the Installment Sale Contract is $87,303.21.

---

[2] "If [3-V Partners] fails to pay any payment when due under the Installment Sale Contract, Borrower shall be obligated to pay late charges equal to the greater of 10% of the amount that is late or $29." (Doc. 46-4, p.3).

5

Further, per the terms of the Installment Sale Contract, 3-V Partnership owes interest[3] as well as all expenses, attorney's fees, and costs that have been incurred and are continuing to be incurred by Wells Fargo in enforcing its rights and remedies until the amount due is paid in full.[4] As such, Wells Fargo shall submit its verified proof of any such expenses, attorneys fees, and costs, the same to be filed within 60 days of this ruling.

III.   Conclusion

As 3-V Partnership failed to file an opposition to the instant motion, there is no evidence establishing a genuine dispute as to any of the material facts presented above. As such, Wells Fargo is entitled to partial summary judgment. Accordingly, the motion for partial summary judgment shall be GRANTED. A judgment in conformity with this ruling shall be reserved until Wells Fargo has complied with this court's order to provide its verified proof as above.

THUS DONE AND SIGNED at Alexandria, Louisiana this ____ day of November 2024.

 

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] If Borrower fails to pay any payment when due, interest shall accrue on the unpaid amount at a rate of 1.5% per month from the due date to the date paid. (Doc. 46-4, p.3).

[4] The Borrower shall be liable for reasonable attorney's fees, costs, and expenses incurred in connection with the enforcement of rights and remedies and collection of amounts owed under the Installment Sale Contract. (Doc. 46-4, p. 3).